Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NUMBER |
|---|---|---|
| 3rd JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY | SUMMONS | 25-010244-NP |

**Court address**
2 Woodward Avenue, Detroit, MI 48226

**Court telephone number**

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| Peter Harb | v | Asept Pak, Inc. |

**Plaintiff's attorney bar number, address, and telephone number**
David M. Moss (P36757)
Ryan T. Piekarski (P76559)
28411 Northwestern Hwy., Ste. 1150
Southfield, MI 48034/(248) 945-0100

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☑ this court, ☐ _____ Court, where

it was given case number 25-010244-NP_____ and assigned to Judge Adel Harb_____

The action ☑ remains ☐ is no longer pending.

Summons section completed by court clerk.    | SUMMONS |

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 8/6/2025 | 11/5/2025 | /s/ Carla Keefe |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (3/23)   **SUMMONS**
SRA

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

*(left margin, vertical text)* Carla Keefe    8/4/2025 9:39 AM    WAYNE COUNTY CLERK    Cathy M. Garrett    IN MY OFFICE    25-010244-NP FILED

**Summons**   (3/23)

Case Number <u>25-010244-NP</u>

| PROOF OF SERVICE |
| --- |

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

| CERTIFICATE OF SERVICE / NONSERVICE |
| --- |

☐ I served   ☐ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)   a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
| --- | --- |
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
| --- | --- | --- | --- | --- |
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

| ACKNOWLEDGMENT OF SERVICE |
| --- |

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____
Attachments (if any)                                                      Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PETER HARB,
    Plaintiff,

vs.

CONTAMAC SOLUTIONS, INC. and
ASEPT PAK, INC.
    Defendant

Case No. 25-010244-NP
Hon. Adel Harb

---

MOSS & COLELLA, P.C.
BY: David M. Moss (P36757)
    Ryan T. Piekarski (P76559)
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 1150
Southfield, MI 48034
(248) 945-0100
dmoss@mosscolella.com
rpiekarski@mosscolella.com
khainley@mosscolella.com (Assistant)


Gasper Stare (P86768)
Jonathan Marko (P72450)
MARKO LAW, PLLC
Attorneys for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
Fax (313) 470-2011
gasper@markolaw.com

---

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the Complaint has been previously filed in the Wayne County Circuit Court, docket number 25-010244-NP, Judge Adel Harb, remains pending.

/s/ David M. Moss
David M. Moss (P36757)

**FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

NOW COMES the Plaintiff, PETER HARB, by and through his attorneys, MOSS & COLELLA, P.C., by DAVID M. MOSS, and for his First Amended Complaint and Demand for Trial by Jury in the above captioned matter states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff PETER HARB, at all relevant times hereto, resided in the City of Livonia, County of Wayne, State of Michigan.

2. Defendant CONTAMAC SOLUTIONS, INC. (herein referred to as "CONTAMAC"), is a Foreign Profit Corporation, which conducts a regular and systematic part of its business in the County of Wayne, State of Michigan, and has as its resident agent Contamac Solutions, Inc., 806 Kimball Ave., Grand Junction, CO 81501, US.

3. Defendant ASEPT PAK, INC. (hereinafter referred to as "ASEPT") is a Foreign Profit Corporation, which conducts a regular and systematic part of its business in the County of Wayne, State of Michigan and which has as its primary business address 64 West St., Malone, NY 12953.

4. This action arises out of a case of products liability which occurred in the City of Livonia, County of Wayne, State of Michigan, with an initial purchase of the affected product on or about June 28, 2024, and with first discovery of the alleged defect on or about May 15, 2025.

5. The amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest, costs and attorney's fees.

6. Venue is appropriate in this Court pursuant to MCL 600.1621, MCL 600.1627, and/or MCL 600.1629.

## COMMON FACTS AND ALLEGATIONS

7. Plaintiff adopts and incorporates by reference Paragraphs 1 through 6 as though fully set forth herein.

8.  Plaintiff PETER HARB suffers from vision issues that require the use of scleral contact lenses, a prescribed ophthalmological device consisting of a rigid contact lens that extends past the cornea to cover the sclera, or "white" of the eye.

9.  In mid-2024, Plaintiff's optometrist with Henry Ford OptimEyes in Westland, MI recommended the use of Nutrifill contact lens solution for use with his prescribed scleral lenses.

10. Nutrifill contact lens solution is designed, manufactured, produced, and sold by Defendant CONTAMAC SOLUTIONS, INC. and marketed as a "preservative free contact lens insertion solution designed for scleral lens wearers and the wearers of hybrid and gas permeable contact lenses. It has been physiologically formulated to mimic your body's natural tears with five natural electrolytes, a pH of 7.4 and osmolality of 300. Nutrifill may also be used for rinsing debris and lens cleaners from rigid gas permeable and hybrid lenses."

11. Defendant CONTAMAC promotes that Nutrifill solution was created by "[s]tarting with medical grade purified water at the highest standards for ultra-pure water; free of bacteria, viruses, spores, parasites and chemicals[1]."

12. Upon information and belief, at all times relevant hereto, Nutrifill solution was also manufactured, inspected, and packaged by Defendant ASEPT PAK, INC.

13. Based on his belief that the product was safe and effective for use with his scleral contact lenses, on June 28, 2024, Plaintiff placed an order with Defendant CONTAMAC for 210 vials of solution which he received on or about July 2, 2024.

14. Plaintiff placed a second order of 210 vials of Nutrifill solution on September 28, 2024, which was received on or about October 2, 2024.

---

[1] Screen capture of the Defendant's Nutrifill website as it appeared on January 16, 2025, prior to Defendant's recall obtained from the Internet Archive (**Exhibit A**) compared to a screen capture of the same website as it appeared on June 13, 2025 (**Exhibit B**).

15. From the date when he received his first shipment of Nutrifill solution, Plaintiff regularly used the product until the end of March or beginning of April 2025.

16. Shortly after he began using the Nutrifill solution he purchased from Defendant, Plaintiff began suffering from issues with his pain, irritation, redness, and other symptoms affecting his eyes.

17. Plaintiff reported these issues to his optometrist and an ophthalmologist at Henry Ford OptimEyes.  He later received treatment with the Henry Ford and University Hospital systems for injuries and symptoms including, but not limited to, corneal ulcers, corneal scarring, corneal infiltrates, vision disturbances, infection, hearing loss, tinnitus, psychological trauma, pain and suffering, and other injuries, damages, and consequences not yet fully known that develop or are otherwise discovered during the course of treatment, discovery, and/or litigation.

18. Upon information and belief, at the time Plaintiff reported his complaints/issues, his physicians were unaware of any defects in the product; therefore, they were unable to discern the cause of his injuries and symptoms.

19. On May 15, 2025, Plaintiff received email correspondence directly from Defendant CONTAMAC with the subject heading "URGENT: MEDICAL DEVICE RECALL NUTRIFILL."  This message alerted Plaintiff for the first time since he had been using Nutrifill solution that batches of the product were non-sterile with contamination by harmful, dangerous bacteria.

20. Following receipt of the recall notice from Defendant CONTAMAC, Plaintiff confirmed that his purchased vials were included in the lots which had been recalled and immediately terminated his use of Nutrifill solution.

21. Based on the length of time that has elapsed between the date when the contaminated batches of Nutrifill solution were first released to the market, it is likely that Defendant(s) CONTAMAC and/or ASEPT unreasonably delayed its recall of the affected products unreasonably putting plaintiff and other users of the product at unnecessary and unreasonable risk of injury and health complications.

22. At the time Defendant(s) manufactured and/or distributed Nutrifill solution, they had actual knowledge that the product was defective and that there was a substantial likelihood that the defect would cause injury as alleged herein yet willfully disregarded that knowledge in the manufacture and/or distribution of the product.

## COUNT I – NEGLIGENT DESIGN, MANUFACTURE, DISTRIBUTION, AND SALE AGAINST DEFENDANTS CONTAMAC SOLUTIONS, INC. AND ASEPT PAK, INC.

23. Plaintiff adopts and incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

24. Nutrifill contact lens solution was designed, manufactured, distributed, and/or sold by Defendants.

25. At all relevant times, Defendants owed Plaintiff and all members of the general public a duty to exercise reasonable care in the design, manufacture, distribution, and sale of their products, namely Nutrilfill contact solution, so as to eliminate unreasonable risk of foreseeable injury.

26. Defendants breached its duty of care in one or more of the following ways:

   a. Failing to comply with legally-mandated testing of Nutrifill contact lens solution before its distribution;
   b. Failing to maintain sterile conditions for the design, manufacture, production, distribution, and sale of Nutrifill contact lens solution;
   c. Failing to maintain appropriate protocols to identify and eliminate possible sources of contamination in the process of manufacturing, packaging, distributing, and sale of Nutrifill contact lens solution;
   d. Failing to implement reasonable testing procedures to identify and prevent contamination of Nutrifill contact lens solution;

     e. Failing to timely identify contamination of the lots of Nutrifill contact lens solution affected by the subject recall;

     f. Failing to take adequate steps to ensure that contaminated batches of Nutrifill contact lens solution were kept out of the stream of commerce once manufactured;

     g. Failing to timely and properly notify Plaintiff and other users of Nutrifill contact lens solution of likely contamination; and

     h. Other breaches to be identified throughout the course of discovery and litigation.

27. At the time the Nutrifill contact lens solution left the control of Defendants, the product was defective, unreasonably dangerous, and not reasonably safe for its intended, anticipated, and/or reasonably foreseeable uses.

28. At the time the Nutrifill contact lens solution left the control of Defendants, a practically and technically feasible alternative production practice was available that would have prevented harm without substantially impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

29. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious and permanent injuries including, but not limited to corneal ulcers, corneal scarring, corneal infiltrates, vision disturbances, infection, hearing loss, tinnitus, psychological trauma, pain and suffering, and other injuries, damages, and consequences not yet fully known that develop or are otherwise discovered during the course of treatment, discovery, and/or litigation.

30. That as a further direct and proximate result of Defendants' negligence, Plaintiff has, and will into the future, suffer physical and mental pain and suffering, loss of enjoyment of life and its avocations, loss of earnings as well as a loss of future earning capacity, disability, disfigurement, humiliation, and embarrassment.

31. That as a further direct and proximate result of Defendants' negligence, Plaintiff has, and will into the future, incur expenses for medical care and treatment, services and supplies, and will likely continue to incur such expenses into the future.

WHEREFORE, Plaintiff PETER HARB respectfully requests that this Honorable Court enter a judgment in his favor and against Defendants CONTAMAC SOLUTIONS, INC. and ASEPT PAK, INC. in whatever amount the Court deems just, in excess of $25,000.00, plus interest, costs, and attorney's fees so wrongfully sustained and other further relief as may be deemed appropriate under the circumstances.

## COUNT II – BREACH OF EXPRESS WARRANTY AGAINST DEFENDANTS CONTAMAC SOLUTIONS, INC. AND ASEPT PAK, INC.

32.  Plaintiff adopts and incorporates by reference Paragraphs 1 through 31 as though fully set forth herein.

33.  Defendants expressly warranted, represented, and stated that Nutrifill was safe for use and free of contaminants including, but not limited to bacteria, viruses, spores, parasites, and/or chemicals.

34.  Contrary to the express warranties of safety, cleanliness, and sterility provided by Defendants, at the time the Nutrifill contact lens solution left the control of Defendants, it contained contaminants that rendered the product unsafe for use.

35.  Plaintiff relied on the representation and/or statement of express warranty previously described.

36.  As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious and permanent injuries including, but not limited to corneal ulcers, corneal scarring, corneal infiltrates, vision disturbances, infection, hearing loss, tinnitus, psychological trauma, pain and suffering, and other injuries, damages, and consequences not yet fully known that develop or are otherwise discovered during the course of treatment, discovery, and/or litigation.

37.  That as a further direct and proximate result of Defendants' negligence, Plaintiff has, and will into the future, suffer physical and mental pain and suffering, loss of enjoyment of life

and its avocations, loss of earnings as well as a loss of future earning capacity, disability, disfigurement, humiliation, and embarrassment.

38.     That as a further direct and proximate result of Defendants' negligence, Plaintiff has, and will into the future, incur expenses for medical care and treatment, services and supplies, and will likely continue to incur such expenses into the future.

WHEREFORE, Plaintiff PETER HARB respectfully requests that this Honorable Court enter a judgment in his favor and against Defendants CONTAMAC SOLUTIONS, INC. and ASEPT PAK, INC. in whatever amount the Court deems just, in excess of $25,000.00, plus interest, costs, and attorney's fees so wrongfully sustained and other further relief as may be deemed appropriate under the circumstances.

## COUNT III – BREACH OF IMPLIED WARRANTY AGAINST DEFENDANTS CONTAMAC SOLUTIONS, INC. AND ASEPT PAK, INC.

39.     Plaintiff adopts and incorporates by reference Paragraphs 1 through 38 as though fully set forth herein.

40.     Defendants impliedly warranted to Plaintiff and the general public that Nutrifill contact lens solution was safe and reasonably fit for the intended, anticipated, and/or reasonably foreseeable uses of the product.

41.     At the time the Nutrifill contact lens solution left the control of Defendants, the product was not reasonably fit for its intended, anticipated, and/or reasonably foreseeable use and purpose, in breach of Defendants' implied warranty.

42.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious and permanent injuries including, but not limited to corneal ulcers, corneal scarring, corneal infiltrates, vision disturbances, infection, hearing loss, tinnitus, psychological trauma, pain and suffering, and other injuries, damages, and consequences not yet fully known that

develop or are otherwise discovered during the course of treatment, discovery, and/or litigation.

43.     That as a further direct and proximate result of Defendants' negligence, Plaintiff has, and will into the future, suffer physical and mental pain and suffering, loss of enjoyment of life and its avocations, loss of earnings as well as a loss of future earning capacity, disability, disfigurement, humiliation, and embarrassment.

44.     That as a further direct and proximate result of Defendants' negligence, Plaintiff has, and will into the future, incur expenses for medical care and treatment, services and supplies, and will likely continue to incur such expenses into the future.

WHEREFORE, Plaintiff PETER HARB respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant CONTAMAC SOLUTIONS, INC. and ASEPT PAK, INC. in whatever amount the Court deems just, in excess of $25,000.00, plus interest, costs, and attorney's fees so wrongfully sustained and other further relief as may be deemed appropriate under the circumstances.

### COUNT IV – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANTS CONTAMAC SOLUTIONS, INC. AND ASEPT PAK, INC.

45.     Plaintiff adopts and incorporates by reference Paragraphs 1 through 44 as though fully set forth herein.

46.     As the manufacturer and seller of Nutrifill contact lens solution, Defendants owed Plaintiff and the general public a duty to warn of the dangers associated with the intended, anticipated, and/or reasonably foreseeable uses of the product.

47.     Defendants had actual or constructive knowledge that Nutrifill was contaminated, unsterile, and/or otherwise unreasonably dangerous.

48.     Defendants had no valid basis to believe that Plaintiff and other users of its product would realize its dangerous, contaminated condition.

49.   At the time the Nutrifill contact lens solution left the control of Defendants, the product was defective and unreasonably dangerous to Plaintiff and other users as it failed to contain adequate warning to alert users of the dangers and risks associated with its use, specifically, the risk of infection and other injury associated with contamination.

50.   One or more of Defendants' breaches of the aforementioned duty was or were the direct and proximate cause of Plaintiff's injuries.

51.   As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious and permanent injuries including, but not limited to corneal ulcers, corneal scarring, corneal infiltrates, vision disturbances, infection, hearing loss, tinnitus, psychological trauma, pain and suffering, and other injuries, damages, and consequences not yet fully known that develop or are otherwise discovered during the course of treatment, discovery, and/or litigation.

52.   That as a further direct and proximate result of Defendants' negligence, Plaintiff has, and will into the future, suffer physical and mental pain and suffering, loss of enjoyment of life and its avocations, loss of earnings as well as a loss of future earning capacity, disability, disfigurement, humiliation, and embarrassment.

53.   That as a further direct and proximate result of Defendants' negligence, Plaintiff has, and will into the future, incur expenses for medical care and treatment, services and supplies, and will likely continue to incur such expenses into the future.

WHEREFORE, Plaintiff PETER HARB respectfully requests that this Honorable Court enter a judgment in his favor and against Defendants CONTAMAC SOLUTIONS, INC. and ASEPT PAK, INC. in whatever amount the Court deems just, in excess of $25,000.00, plus interest, costs, and attorney's fees so wrongfully sustained and other further relief as may be deemed appropriate under the circumstances.

## COUNT V – GROSS NEGLIGENCE AGAINST DEFENDANTS CONTAMAC SOLUTIONS, INC. AND ASEPT PAK, INC.

54. Plaintiff adopts and incorporates by reference Paragraphs 1 through 53 as though fully set forth herein.

55. At the time of manufacture, distribution, and/or sale, Defendants had actual knowledge that there was a substantial likelihood that these defective products would cause severe injuries, such as those sustained by Plaintiff.

56. Defendants willfully disregarded that knowledge in nevertheless manufacturing, distributing, producing, and/or selling these products.

57. The conduct of the Defendants as described herein constituted gross negligence.

58. As a direct and proximate result of the Defendants' gross negligence, Plaintiff suffered serious and permanent injuries including, but not limited to corneal ulcers, corneal scarring, corneal infiltrates, vision disturbances, infection, hearing loss, tinnitus, psychological trauma, pain and suffering, and other injuries, damages, and consequences not yet fully known that develop or are otherwise discovered during the course of treatment, discovery, and/or litigation.

59. That as a further direct and proximate result of Defendants' gross negligence, Plaintiff has, and will into the future, suffer physical and mental pain and suffering, loss of enjoyment of life and its avocations, loss of earnings as well as a loss of future earning capacity, disability, disfigurement, humiliation, and embarrassment.

60. That as a further direct and proximate result of Defendants' gross negligence, Plaintiff has, and will into the future, incur expenses for medical care and treatment, services and supplies, and will likely continue to incur such expenses into the future.

WHEREFORE, Plaintiff PETER HARB respectfully requests that this Honorable Court enter a judgment in his favor and against Defendants CONTAMAC SOLUTIONS, INC. and

ASEPT PAK, INC. in whatever amount the Court deems just, in excess of $25,000.00, plus interest, costs, and attorney's fees so wrongfully sustained and other further relief as may be deemed appropriate under the circumstances.

## COUNT VI – AGGRAVATION OF PREEXISTING CONDITION AGAINST DEFENDANTS CONTAMAC SOLUTIONS, INC. AND ASEPT PAK, INC.

61.    Plaintiff adopts and incorporates by reference Paragraphs 1 through 60 as though fully set forth herein.

62.    Should it be determined that Plaintiff previously suffered from any of the aforementioned conditions, then in that case, Plaintiff alleges that the negligence of the Defendants as hereinbefore set forth aggravated, accelerated, and/or precipitated the injuries alleged herein.

WHEREFORE, Plaintiff PETER HARB respectfully requests that this Honorable Court enter a judgment in his favor and against Defendants CONTAMAC SOLUTIONS, INC. and ASEPT PAK, INC. in whatever amount the Court deems just, in excess of $25,000.00, plus interest, costs, and attorney's fees so wrongfully sustained and other further relief as may be deemed appropriate under the circumstances.

Respectfully submitted,

MOSS & COLELLA, P.C.

By: /s/ David M. Moss
David M. Moss (P36757)
Ryan T. Piekarski (P76559)
Jonathan R. Marko (P72450)
John T. Eads III (P43815)
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 1150
Southfield, MI 48034
(248) 945-0100
dmoss@mosscolella.com
rpiekarski@mosscolella.com
jon@markolaw.com
jeads@markolaw.com

Dated:  August 4, 2025

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PETER HARB,
      Plaintiff,

vs.

                                      Case No. 25-010244-NP
                                      Hon. Adel Harb

CONTAMAC SOLUTIONS, INC. and
ASEPT PAK,
      Defendant

---

MOSS & COLELLA, P.C.
BY:  David M. Moss (P36757)
     Ryan T. Piekarski (P76559)
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 1150
Southfield, MI 48034
(248) 945-0100
dmoss@mosscolella.com
rpiekarski@mosscolella.com
khainley@mosscolella.com (Assistant)


Gasper Stare (P86768)
Jonathan Marko (P72450)
MARKO LAW, PLLC
Attorneys for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
Fax (313) 470-2011
gasper@markolaw.com

---

## **JURY DEMAND**

    NOW COMES the Plaintiff, PETER HARB, by and through his attorneys, MOSS &

COLELLA, P.C. by DAVID M. MOSS, and hereby demands trial by jury of the within action.

Respectfully submitted,
MOSS & COLELLA, P.C.
By: /s/ David M. Moss
David M. Moss (P36757)
Ryan T. Piekarski (P76559)
Jonathan R. Marko (P72450)
John T. Eads III (P43815)
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 1150
Southfield, MI 48034
(248) 945-0100
dmoss@mosscolella.com
rpiekarski@mosscolella.com
jon@markolaw.com
jeads@markolaw.com

Dated:  August 4, 2025